## LABOR TROUBLES.

Common Pleas Court of Hamilton County.

Ph. Morton v. The Brotherhood of Painters, Decorators and Paperhangers of America; Sign Writers' Local Union No. 224, of Cincinnati, Ohio, et al.

Decided, June 5, 1912.

*Strikes and Labor Troubles—Blanket Injunction Will Not be Issued Against a Labor Union—Nor Against Individual Members, Unless —Attitude of a Court of Equity With Reference to Disputes Between Capital and Labor.*

A court of equity, in carrying out its recognized duty of refusing to permit either employer or employe to terrorize the other, must also refuse to permit that it be itself made a scarecrow by issuing an injunction for the purpose of frightening either side; from which it follows that a blanket injunction will not be issued against a labor union for the purpose of restraining its unnamed members from committing offenses, nor against individual members of a union except upon hearing; or if the circumstances are such as to require the issuance of such an order without notice, the reason therefor must be of sufficient force to require that it be set forth in an entry.

*Frank M. Coppock*, for plaintiff.
*Nicholas Klein*, for the unions.

Dickson, J.

It is claimed that certain unions by resolution ordered certain illegal means to be taken to injure the business of the plaintiff— one Morton, a sign painter—and for this reason the court is asked to issue an injunction against a union and thus by service on its officers to restrain its members from committing offenses, and thus if any member of the union violate such an order, hold him in contempt of court and punish him therefor; and this court also is asked to permit the plaintiff herein to publish by posting throughout the vicinity such an order, to the end that

any one violating the order may be punished for contempt of court.

The union as such is a lawful body possessed of certain rights and duties. The union as such has no authority to bind its members by resolving to commit offenses. When members of a union threaten to commit or do commit offenses, they are acting as individuals, and they can not be compelled to do such wrongs by any resolution or any act of the union. Nor can they, if they commit an offense, hide behind any order of the union.

In the matters complained of this court has no authority to enjoin the union. It can not in these matters punish the union. It can not serve summons on the members of the union by proclamation. It is not proper for a court to violate the law to prevent the law being violated. The court should not permit itself to be used as a scarecrow. It is not wise for a court to make an order which it can not carry out; indeed, it has no power so to do. No court has a right without a duty, and the duty here lies in doing complete legal justice and without fear. This court is not a police court. We know as a rule persons who commit offenses as individuals and by name. This court has power to restrain individuals who threaten to injure property rights. It has no power to restrain the commission of crimes or offenses against the state. This power is with the police department. This court will not permit the employer or the employe to terrorize the other, nor will it permit either to obtain any writ for the mere purpose of terrorizing any one.

In contempt proceedings the offense and the offender should be definite and certain and the punishment or discharge certain and sure. This court will not permit any one to obtain an injunction without a hearing, nor will it permit a temporary restraining order unless notice to the other side be given or a good reason be given for its omission, and a reason of sufficient force to require an entry setting forth the reasons therefor, so that all may know the same and so that punishment for contempt may be inflicted if the court has been deceived in omitting notice.